IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRIAN HUTCHINS | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv134 |
| MELISSA FRANKLIN, ET AL. | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Brian Hutchins, an inmate at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this prisoner civil rights lawsuit against IRS Agent Melissa Franklin and the IRS.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

Plaintiff claims defendant Melissa Franklin, an agent with the Internal Revenue Service, interfered with an alleged contract between Plaintiff and the IRS. Further, Plaintiff claims Defendant IRS allegedly failed to fulfill an alleged contractual obligation by denying to send him direct payments related to the American Rescue Plan. Plaintiff states both defendants are located in Philadelphia, Pennsylvania.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

Plaintiff has sued defendants located in Philadelphia, Pennsylvania. Interpreted liberally, Plaintiff is attempting to bring his claims based on diversity of citizenship. "[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case." *Getty Oil Corp., a Div. Of Texaco, Inc. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). "[T]he court must be certain that all plaintiffs have a different citizenship from all defendants." *Id.* The IRS, however, "which is part of the federal government, is not a 'citizen of a state,' and thus its presence destroys complete diversity." *Frey v. EPA*, 270 F.3d 1129, 1136 (7th Cir. 2001); *see also* Wright & Miller, 13E Fed. Prac. & Proc. § 3602 ("an agency of the United States is not a citizen of a state for purposes of diversity of citizenship jurisdiction."). "[A]gencies of the United States . . . cannot be sued in diversity." *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991).

When jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. The incidents which form the basis of plaintiff's complaint occurred in Philadelphia, Pennsylvania. Further, the defendants both are located in Philadelphia, Pennsylvania, with Defendant Franklin being employed at the IRS office located in Philadelphia, Pennsylvania. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Philadelphia County, Pennsylvania. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). In accordance with 28 U.S.C. § 118(a), Philadelphia County is located within the

jurisdictional boundaries of the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division.

As Philadelphia County is located within the jurisdictional boundaries of the United States District Court for the Eastern District of Pennsylvania, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 21st day of May, 2025.

_____
Zack Hawthorn
United States Magistrate Judge